**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

**CHRISTOPHER MILLS,**

**Plaintiff,**

**v.** **Case No. 3:26-cv-00218**

**WESTERN REGIONAL JAIL,**

**Defendant.**

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Plaintiff Christopher Mills's Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), his subsequently filed Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 5), and his pro se Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 2). Having considered the Applications, and as discussed more fully herein, the Court **DENIES** as **MOOT** Plaintiff's initial Application, (ECF No. 1), and **GRANTS** his subsequently filed Application, (ECF No. 5). For the reasons that follow, Plaintiff is further **ORDERED** to file, on or before **October 26, 2026**, an Amended Complaint as further described herein.

## I. Relevant History

Plaintiff, Christopher Mills, is currently an inmate at Mount Olive Correctional Complex in Mount Olive, West Virginia. *See* W. Va. Div. of Corr. & Rehab., Offender Search, OID Number 3712896, https://ois.wv.gov/OIS/OffenderSearch/DOC/Offender/Details/ (last visited Sept. 25, 2026). On March 23, 2026, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of West Virginia. (ECF No. 2). Plaintiff names Western Regional Jail as the sole Defendant. (*Id.* at 1).

In his Statement of Claim, Plaintiff raises various complaints concerning the conditions of his confinement at Western Regional Jail. (*Id.* at 4–8). Plaintiff alleges, among

other things, that the facility was overcrowded; inmates were required to sleep on the floor; inmates lacked adequate access to cleaning and hygiene supplies; and the conditions of confinement created health and safety concerns. (*Id.*). Plaintiff also references actions allegedly taken by correctional staff, including an individual identified as Officer Mosley. (*Id.*). However, Plaintiff does not name Officer Mosley or any other individual correctional officer as a Defendant. (*Id.* at 1–3).

This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and is referred to United States Magistrate Judge Reeder for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having now performed an initial review of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the undersigned finds certain deficiencies in pleading that must be corrected by Plaintiff before this action can proceed.

## II. Application to Proceed without Prepayment of Fees and Costs

Having considered Plaintiff's subsequently filed Application and supporting financial documentation, the Court **GRANTS** the Application. (ECF No. 5). Plaintiff's initial, incomplete Application, (ECF No. 1), is **DENIED** as **MOOT**.

Under 28 U.S.C. § 1915(b)(1), a prisoner proceeding without prepayment of fees is required to pay the full filing fee and must make an initial partial filing fee payment equal to twenty percent of the greater of the average monthly deposits to his inmate account or the average monthly balance in his inmate account for the six-month period preceding the filing of the Complaint.

Plaintiff's institutional account information reflects average monthly deposits of $33.79 and an average monthly balance of $39.62. (ECF No. 5-2). Accordingly, Plaintiff is **ORDERED** to pay an initial partial filing fee of **$7.92** within thirty (30) days of entry of this Order.

If Plaintiff is presently unable to pay the assessed initial partial filing fee because he lacks sufficient funds, he shall, within the same thirty-day period, notify the Court of that circumstance in writing and submit a current copy of his inmate account statement demonstrating his inability to make the initial partial payment. Plaintiff will not be prohibited from proceeding with this action solely because he lacks the assets and means to make the initial partial payment. *See* 28 U.S.C. § 1915(b)(4).

Beginning **December 5, 2026**, and on the fifth day of each month thereafter, monthly payments shall be made in an amount equal to twenty percent of the preceding month's income credited to Plaintiff's inmate account until the full filing fee of $350.00[1] has been paid. Mount Olive Correctional Complex, or any other agency or facility having custody of Plaintiff, is **ORDERED** to forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10.00 until the full filing fee is paid. *See* 28 U.S.C. § 1915(b).

It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to Plaintiff.

## III. Deficiencies in the Complaint

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has preliminarily reviewed Plaintiff's Complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Although pro se complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the Court may not

---

[1] The filing fee for civil actions in this district is $405.00, which includes a $55.00 administrative fee. However, the administrative fee does not apply to persons granted *in forma pauperis* status or habeas proceedings. *See* https://www.wvsd.uscourts.gov/sites/wvsd/files/DISTRICT%20COURT%20FEES%20-%2012-01-2023%20FINAL.pdf.

rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop Plaintiff's legal theories for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the Court may allow a pro se plaintiff the opportunity to amend his complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### *Pleading Requirements*

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. According to Rule 8, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). The operative words are "short" and "plain."

Federal Rule of Civil Procedure 10 addresses the form of pleadings. Rule 10 requires the complaint to name all of the parties, Fed. R. Civ. P. 10(a), and requires a party to state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Plaintiff's Complaint does not satisfy these pleading requirements. Although Plaintiff describes numerous concerns regarding the conditions of his confinement at Western Regional Jail, his allegations are difficult to follow and do not clearly identify the particular constitutional claims he intends to assert, the individuals or entities against whom he intends to assert each claim, or the specific conduct attributable to each Defendant. Accordingly, Plaintiff must file an Amended Complaint that clearly and concisely sets forth each claim and the factual allegations supporting it.

### *Failure to State a Claim*

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of state law. To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege, or immunity; and (2) the official did so under color of state law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under § 1983.

For an individual defendant to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Accordingly, Plaintiff must set forth factual allegations explaining how each Defendant personally violated Plaintiff's federal constitutional or statutory rights.

Here, Plaintiff names Western Regional Jail as the sole Defendant. (ECF No. 2 at 1). However, to be subject to liability under § 1983, a defendant must qualify as a "person" within the meaning of the statute. The Supreme Court has held that neither a State nor its agencies are "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 70–71 (1989). Western Regional Jail, as an arm of the State of West Virginia, is not a "person" subject to suit under § 1983. *See Morris v. W. Reg'l Jail*, No. 3:17-cv-01148, 2017 WL 4080698, at *6 (S.D.W. Va. Aug. 22, 2017), report and recommendation adopted by 2017 WL 4078129 (S.D.W. Va. Sept. 14, 2017); *Lewis v. W. Reg'l Jail*, No. 3:11-cv-01016, 2012 WL 3670393, at *5 (S.D.W. Va. July 24, 2012), report and recommendation adopted by 2012 WL 3726874 (S.D.W. Va. Aug. 27, 2012). Accordingly, Plaintiff cannot maintain his § 1983 claim

against Western Regional Jail as presently pleaded and must identify a proper Defendant or Defendants against whom he intends to assert his claims.

Although Plaintiff's allegations concern the conditions of his confinement at Western Regional Jail, including alleged overcrowding, inmates sleeping on the floor, inadequate access to cleaning and hygiene supplies, and other health and safety concerns, the Complaint does not sufficiently explain the particular conditions to which Plaintiff personally was subjected, when or for how long he experienced those conditions, how those conditions affected or harmed him, or which individual or entity was responsible for the alleged constitutional deprivation. Plaintiff must provide sufficient factual allegations concerning each challenged condition to permit the Court to determine the nature of his claim and the basis for each Defendant's alleged liability.

Plaintiff also references the conduct of correctional employees, including Officer Mosley, but does not name Officer Mosley or any other individual correctional employee as a Defendant. To the extent Plaintiff intends to assert a claim against Officer Mosley or another correctional employee, Plaintiff must identify that individual as a Defendant and explain what the individual personally did or failed to do that Plaintiff contends violated his federal constitutional or statutory rights. To the extent Plaintiff does not know the name of a particular individual, he must identify that person as specifically as possible, including, to the extent known, the individual's position or job title, employer, work location, shift, and other information that may assist in identifying the individual.

***One Single Document***

Plaintiff is advised that his Amended Complaint will supersede the original Complaint and should therefore contain all claims, factual allegations, and Defendants that Plaintiff wishes the Court to consider. Plaintiff should not rely upon the original Complaint or any other prior filing to supply allegations or claims omitted from the Amended Complaint.

Rather, Plaintiff should include all allegations and facts relevant to his claims in one singular Amended Complaint.

## IV. <u>Conclusion</u>

For the reasons stated above, Plaintiff's initial Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 1), is **DENIED** as **MOOT**, and his subsequently filed Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 5), is **GRANTED**.

Plaintiff is **ORDERED** to pay an initial partial filing fee of **$7.92** within thirty (30) days of entry of this Order. If Plaintiff is presently unable to pay the assessed initial partial filing fee because he lacks sufficient funds, he shall, within the same thirty-day period, notify the Court of that circumstance in writing and submit a current copy of his inmate account statement demonstrating his inability to make the initial partial payment.

Plaintiff is further **ORDERED** to file, on or before **October 26, 2026**, an Amended Complaint pursuant to 42 U.S.C. § 1983 using the Court-approved form provided by the Clerk of Court. Plaintiff's Amended Complaint must comply with the requirements set forth herein and must be filed as one complete, stand-alone document. In his Amended Complaint, Plaintiff shall:

1. Identify by name each individual or entity that Plaintiff contends violated his federal constitutional or statutory rights. To the extent Plaintiff does not know the name of a particular individual, Plaintiff shall identify that person as specifically as possible, including, if known, the individual's position or job title, employer, work location, shift, and other information that may assist in identifying the individual;
2. Separately state the factual basis for each claim, including the approximate date and location of the relevant events;

3. Explain what each Defendant personally did or failed to do that Plaintiff contends violated his federal constitutional or statutory rights;
4. Describe the specific conditions of confinement that Plaintiff contends violated his constitutional rights, including when and for how long Plaintiff personally experienced each condition and how each condition affected or harmed him;
5. To the extent Plaintiff intends to assert claims concerning overcrowding, sleeping arrangements, sanitation, cleaning or hygiene supplies, or other health and safety conditions, describe the specific circumstances underlying each claim and identify the Defendant or Defendants whom Plaintiff contends were responsible for the condition or failed to remedy it;
6. To the extent Plaintiff intends to assert a claim against Officer Mosley or any other correctional employee, identify that individual as a Defendant and explain specifically what the individual personally did or failed to do that Plaintiff contends violated his rights;
7. To the extent known, identify the federal constitutional or statutory right that Plaintiff contends was violated by each Defendant; and
8. Clearly and simply state the relief Plaintiff seeks from this Court.

Plaintiff is hereby **NOTIFIED** that the Amended Complaint will supersede the original Complaint and become the operative pleading in this action. Therefore, Plaintiff must include in the Amended Complaint all claims, factual allegations, and Defendants that he wishes the Court to consider and may not rely upon or incorporate by reference allegations contained in the original Complaint or any other prior filing.

Plaintiff is further **NOTIFIED** that failure to file a completed Amended Complaint on or before **October 26, 2026**, may result in a recommendation that this action be dismissed for failure to prosecute and failure to comply with an order of the Court. Plaintiff is also

**NOTIFIED** that failure to pay the initial partial filing fee or, alternatively, notify the Court and submit a current inmate account statement demonstrating his inability to make the payment on or before **October 26, 2026**, may result in further action by the Court.

Plaintiff is further **NOTIFIED** that he is responsible for notifying the Clerk of Court of any change in his address or other contact information. Failure to do so may result in a recommendation of dismissal of this action.

The Clerk is directed to provide Plaintiff with a blank form Complaint pursuant to 42 U.S.C. § 1983 and a copy of this Memorandum Opinion and Order. The Clerk is further directed to send a copy of this Memorandum Opinion and Order to the appropriate financial officer at Mount Olive Correctional Complex.

**ENTERED: September 25, 2026**

/s/ James P. Mazzone

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE